UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 09-mc-74 (PJS/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Scott M. Stevenson, | |
| Respondent. | |

_____

David W. Fuller for Petitioner.
Douglas Olson for Respondent.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 22, 2010 for a hearing on the issue of whether respondent Scott M. Stevenson's production of the material described in the IRS summons is subject to Fifth Amendment protection. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Respondent's objection to the production of the documents described in the IRS summons be sustained. The act of production is subject to Fifth Amendment protection. Further, this Court recommends that with regard to the testimony sought in the IRS summons, the Government be ordered to provide a list of questions it intends to ask Respondent.

**I.     FACTUAL BACKGROUND**

The IRS is conducting an investigation into the tax liabilities of Respondent Scott M. Stevenson for the tax years 1997 through 2008. (Owens Decl. ¶ 2, ECF No. 1, Ex. 1. ) Pursuant to

that investigation, the IRS issued an administrative summons to Respondent on March 16, 2009. (ECF No. 1, Ex. 2.) The summons directed Respondent to appear before Revenue Officer Pamela Owens on April 16, 2009 to testify and to bring with him all documents and records in his possession or control reflecting the receipt of taxable income for the years 1997 through 2008. *Id.* On April 16, 2009 and May 21, 2009, Respondent appeared, but refused to testify and did not produce any documents requested in the summons. (Owens Decl. ¶¶ 5 and 7.) The Government filed a Petition to Enforce Internal Revenue Service Summons on August 11, 2009. (ECF No. 1.) This Court issued a Report and Recommendation on December 7, 2009, which recommended that Respondent be ordered to obey every requirement of the IRS summons and to appear within 45 days before Pamela Owens to provide testimony and documents. (ECF No. 7.) District Court Judge Patrick J. Schiltz adopted the Report and Recommendation in an Order dated January 25, 2010. (ECF No. 8.) Respondent did not comply with Judge Schiltz' order.

The Government then brought a motion before the District Court requesting an order to show cause why Petitioner should not be held in contempt. (ECF No. 9.) In his response to the Government's motion, Respondent requested that counsel be appointed to represent him and asserted that his refusal to produce documents is protected by the Fifth Amendment. (ECF No. 15.) Judge Schiltz ordered Petitioner to appear at a hearing on October 5, 2010 to show cause why he should not be held in contempt. (ECF No. 13.) After the hearing, Judge Schiltz vacated his amended order to show cause for contempt. (ECF No. 17.) Judge Schilz remanded the matter to this Court for a determination as to whether Respondent is entitled to the appointment of counsel and a Report and Recommendation as to whether Respondent's production of the material described in the IRS summons is subject to Fifth Amendment protection. (ECF No. 17.)

At a hearing on October 15, 2010, this Court appointed an attorney from the Office of the Federal Defender to represent Respondent. This matter is now before the Court on the issue of whether Respondent's refusal to comply with the summons is contemptuous, or whether he is, as he contends, protected by the 5th Amendment.

## II. CONCLUSIONS OF LAW

A. Act of Production Doctrine

Respondent argues that the Fifth Amendment Act of Production Doctrine protects him from being compelled to produce documents in response to the summons, and the Court agrees.

In 1886 the Supreme Court decided in *Boyd v. United States*, 116 U.S. 616 (1886) that, under the Fifth Amendment, the government could not compel a man to produce his private books and papers to be used against him in evidence. In *Fisher v. United States*, 425 U.S. 391 (1976), decided nearly a century after *Boyd*, the Court concluded that many of *Boyd's* broad declarations had not stood the test of time. The Court held in *Fisher*, that the content of the documents the government sought was not protected by the Fifth Amendment. The *Fisher* Court noted that the act of producing the documents has some testimonial aspects, but found none of them were at issue in facts before it in that case.

In *Fisher*, a taxpayer refused to comply with a subpoena that sought his accountant's work papers containing information about his tax returns. The documents at issue had been prepared by the taxpayer's accountant, and given by the accountant to the taxpayer, who in turn delivered the papers to the taxpayer's lawyer. The summons at issue in *Fisher* had been issued to the taxpayer's lawyer. Because the existence and location of the accountant's work papers was a foregone conclusion, their production in that case would not implicate the testimonial aspects that are subject

3

to Fifth Amendment protection. *Id.* at 410-411.

In *United States v. Doe*, 465 U.S. 605, 613 (1984)*,* the Court confronted circumstances that *did* implicate the testimonial aspects of the act of producing documents. The Supreme Court made clear that the act of producing documents can have testimonial aspects by communicating the existence of the documents, possession and control of the documents, and the authenticity of the documents. The Court held in *Doe* that where an act of production is found to have these testimonial aspects, the act of production is protected by the Fifth Amendment and can only be required through a grant of use immunity under 18 U.S.C. §§ 6002 and 6003. *Id.* at 612-614.

The Court concludes that in this case, as in *Doe*, the act of producing the requested documents would involve all three testimonial aspects. Unless the Government grants Respondent act of production immunity under 18 U.S.C. §§ 6002 and 6003, Respondent's production of the material described in the IRS summons is subject to Fifth Amendment protection.

The Government argues that because the summons was issued pursuant to a civil, rather than a criminal, proceeding, Respondent has not met his burden of showing that the act of production would be incriminating. The fact that the summons was issued pursuant to a civil IRS enforcement proceeding does not preclude the Respondent from asserting his Fifth Amendment privilege. The Fifth Amendment "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). In this case, Respondent has a reasonable fear that any documents produced in response to the summons would later be used against him in a criminal proceeding. Though the case has not at this time been referred to the

Criminal Investigation Division of the IRS, or the Department of Justice for criminal investigation or prosecution, the Government has not foresworn a criminal proceeding. The summons specifically states that the documents are sought "for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." (ECF No. 1, Ex. 2.) Because the government appears to contend that Respondent has not filed income tax returns for the years 1997 through 2008 and the summons by its terms seeks information relating to "offenses," Respondent's belief that any testimony inherent in producing the requested documents would likely be used against him in a criminal prosecution is reasonable.

The Government also argues that the compelled production of the requested documents would not violate the Fifth Amendment because the possession, location, and authenticity of the documents are a "foregone conclusion." The Court rejects the Government's "foregone conclusion" argument, and its reliance on *United States v. Rue*, 819 F.2d 1488 (8th Cir. 1976) and *United States v. Norwood*, 420 F.3d 888 (8th Cir. 2005). The Court finds that the summons at issue in this case is written much more broadly than the summonses at issue in those cases, and therefore the existence, location and authenticity of the documents summoned in this case is not a foregone conclusion.

In *Norwood*, the Eighth Circuit upheld the enforcement of an IRS summons over a taxpayer's Fifth Amendment objection. The Court in that case, however, specifically interpreted the summons to request only those records pertaining to a bank account about which the government had shown it had detailed knowledge. *Id.* At 895-896.

In this case, on the other hand, the summons is very broad. It requests every document in Respondent's possession that reflects the receipt of taxable income for the years 1997 through 2008.

5

It then provides that Respondent's production shall include but not be limited to a laundry list of records and documents.[1] This broad summons is similar to the subpoena at issue in *In re Grand Jury Proceedings*, 41 F.3d 377 (8th Cir. 1994), in which the Eighth Circuit held that the taxpayers' production of documents was protected by the Fifth Amendment. In that case the government issued subpoenas requiring the production of all documents regarding the financial transactions of the taxpayers and/or any business entity they owned an interest in for the years 1989-1992.[2] In upholding the taxpayers' Fifth Amendment privilege, the court expressly distinguished *Rue*. In *Rue*, the Eighth Circuit held that a doctor's act of producing patient cards in response to a subpoena did not violate his Fifth Amendment privilege because the government's prior knowledge of the cards made their existence and authenticity a foregone conclusion. 819 F.2d at 1493. In *In re Grand Jury Proceedings*, the court found the government had made no showing that the documents could be

---

[1] The summons seeks the following documents: "All documents and records in your possession or control reflecting the receipt of taxable income by you for the year(s) [1997-2008], including but not limited to: statement of wages for the year(s) [1997-2008]; statements regarding interest or dividend income for the years [1997-2008]; employee earnings statements for the year(s) [1997-2008]; records of deposits to bank accounts during the year(s) [1997-2008]; and any and all other books, records, documents, and receipts regarding wages, salaries, tips, fees, commissions, and any other compensation for services (including gains from dealings in property, interest, rental, royalty and dividend income, alimony, annuities, income life insurance policies and endowment contracts, pensions, income from the discharge of indebtedness, distributive shares of partnership gross income, and income from an estate or trust), so that Federal Income Tax liability for the year(s) [1997-2008] (for which year(s) no return have been made) may be determined. (ECF No. 1, Ex. 1.)

[2] The subpoenas sought production of the following documents: "[o]riginal records of [the taxpayers], and/or any business entity they have owned an interest in, which includes but is not limited to notes, letters, agreements, contracts, correspondence, schedules, workpapers, summaries, computer printouts, ledgers, journals, bank records (cancelled checks, statements, and deposit slips), loan applications, financial statements, contracts, recap sheets, car invoices, sales summaries, and any other documents regarding financial transactions for the periods of 1989, 1990, 1991, and 1992." *In re Grand Jury Proceedings,* 41 F.3d at 378.

independently authenticated. 41 F.3d at 380. Further, the court held that any production of documents in response to such a broad-sweeping subpoena would involve a testimonial act. *Id.* Compliance with such a broad subpoena requires the taxpayer to discriminate among documents, which necessarily provides information as to the authenticity of the documents. *Id.* at 381.

In the present case, the Court finds that the summons contains similarly broad language to that of the subpoena in *In re Grand Jury Proceedings*. Because the act of producing documents in response to such a broad summons will be testimonial, the foregone conclusion exception does not apply.

Finally, the Government argues that the requested documents fall within the "required records" exception to the Act of Production Doctrine. Required records are those which meet the following criteria: (1) the purpose of the record-keeping is regulatory, rather than criminal; (2) the records contain the type of information that the regulated party would ordinarily keep; and (3) the records have assumed public aspects rendering them analogous to public documents. *In re Grand Jury Subpoena (Spano)*, 21 F.3d 226, 228 (8th Cir. 1994) (quoting *Grosso v. United States*, 390 U.S. 62, 67-68 (1968)). The summons in this case is distinguishable from the subpoena in *In re Grand Jury Subponea (Spano)*. In that case, the government explicitly limited the scope of the subpoena to "those records required to be maintained under federal and state law." *Id.* at 227. In this case, as described above, the summons requests all documents in Respondent's possession that reflecting the receipt of income for the years 1997 through 2008. All documents that might possibly fit that description are not records required to be maintained under federal and state law, therefore the required records exception does not apply.

Respondent's production of documents is protected by the Fifth Amendment Act of

Production Doctrine, and does not fall within the "foregone conclusion" or "required records" exceptions. If the Government wishes to compel Respondent to comply with the summons as written, it must grant Respondent immunity under 18 U.S.C. §§ 6002 and 6003.

B. Oral Testimony

Respondent argues that the Fifth Amendment also protects him from providing testimony in response to the summons. In response to a request for testimony, the Fifth Amendment may only be asserted on a question by question basis, not as a blanket assertion. *See, e.g.*, *United States v. Dick*, 694 F.2d 1117, 1119 (8th Cir.1982) (holding that taxpayer may not refuse to answer questions or produce documents on basis of blanket claim of Fifth Amendment privilege, but must appear in response to summons and "make specific objections in response to specific questions"). The Government should be ordered to submit a list of questions it intends to ask Respondent in order to allow Respondent to determine on a question by question basis whether to assert his Fifth Amendment privilege.

## III.  RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Respondent's objection to the production of the documents described in the IRS summons be sustained as the act of production in this case is subject to Fifth Amendment protection.

2. With regard to the provision of testimony, the Government be ordered to provide a list of questions it intends to ask Respondent.

DATED: December 23, 2010                    *S/ Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge



Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 6, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 6, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.