UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 09-MC-0074 (PJS/FLN) |
| Petitioner, | |
| v. | ORDER |
| SCOTT M. STEVENSON, | |
| Respondent. | |

---

David W. Fuller and Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for petitioner.

Douglas Olson, OFFICE OF THE FEDERAL DEFENDER, for respondent.

The Internal Revenue Service ("IRS") issued an administrative summons to respondent Scott M. Stevenson on March 16, 2009, in connection with a civil investigation that the IRS is conducting into Stevenson's tax liabilities for the years 1997 through 2008. The summons directed Stevenson to appear before a revenue agent and to bring with him all documents or records in his control that reflect the receipt of taxable income for the relevant years. Stevenson appeared before the revenue agent, but he refused to answer any questions, and he refused to produce any of the documents identified in the summons. Beginning with his first appearance before the revenue agent, Stevenson has consistently maintained that the Fifth Amendment to the United States Constitution protects him from having to submit to questioning or produce the summonsed documents.

This matter is before the Court on the objection of petitioner United States of America to the December 23, 2010 Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel. Judge Noel recommends sustaining Stevenson's objection to the production of the

summonsed documents on the grounds that the act of producing such documents is a testimonial act subject to Fifth Amendment protection. Judge Noel further recommends that the government be ordered to provide a list of questions that it intends to ask Stevenson so that Stevenson may determine, on a question-by-question basis, whether to assert his Fifth Amendment privilege. The Court has reviewed de novo those portions of the R&R to which the government has objected, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

The government asserts three objections to the R&R:

*First*, the government argues that the Fifth Amendment does not protect Stevenson from complying with the summons because Stevenson does not have a reasonable fear that his production of the documents will later be used against him in a criminal proceeding. The Court overrules this objection. For the reasons described by Judge Noel, the Court agrees that Stevenson reasonably fears that the testimonial aspects of his production of the summonsed documents — that is, the evidence that such production would provide of the existence or authenticity of the documents, or of Stevenson's possession or control of the documents — will later be used against him in a criminal proceeding.

*Second*, the government argues that it should not be required to submit to Stevenson a list of all questions that it intends to ask so that Stevenson can determine in advance whether to assert his Fifth Amendment privilege with respect to a particular question. The government contends that requiring it to submit a list of proposed questions would unduly hamper its investigation by precluding the type of follow-up questions that typically occur during in-person interviews. The Court agrees and sustains the government's objection.

A person summonsed to appear before an IRS agent must "appear in obedience to the summons, answer all unobjectionable questions, and make specific objections to specific questions . . . . If that is done, proper review of any claims of privilege can be had in the district court." *United States v. Jones*, 538 F.2d 225, 226 (8th Cir. 1976). The Court has appointed a public defender to represent Stevenson in connection with this matter. Docket No. 19. Stevenson, in consultation with his lawyer, may choose whether to invoke his Fifth Amendment privilege with respect to any particular question, and he may make that determination as the question is asked by the IRS agent at the interview. Such invocations, if made, can then be reviewed by the Court. The Court can see no reason why the government should have to submit a list of questions.

*Finally*, the government claims that Stevenson's production of *some* of the documents would not implicate the Fifth Amendment because the existence and authenticity of those documents — and Stevenson's possession and control of those documents — is a foregone conclusion. *See United States v. Norwood*, 420 F.3d 888, 895 (8th Cir. 2005)*; United States v. Rue*, 819 F.2d 1488, 1492-93 (8th Cir. 1987). The government complains that Judge Noel did not give it an opportunity to present evidence that the foregone-conclusion exception applies to some of the documents that it has summonsed.

The Court agrees with the government that, to the extent that it can show that it is a foregone conclusion that Stevenson possesses a particular document, Stevenson may be required to produce that document in response to a summons. The problem is, though, that the summons that the government seeks to enforce is not limited to such documents. Instead, as Judge Noel correctly points out, the summons is extremely broad — far broader than the summonses

addressed by the Eighth Circuit in *Rue* and *Norwood*. It appears from the government's submissions that the government is prepared to prove that only a small fraction of the summonsed documents fall within the foregone-conclusion exception.

Of course, a court can choose to enforce part of a summons or give a summons a narrow construction. *Cf. Norwood*, 420 F.3d at 895 (interpreting the district court's order to enforce IRS summons as applying only to summonsed documents that the government could prove were a foregone conclusion). In this case, however, the summons is so vastly overbroad that what the government asks of this Court is not so much to narrow the summons as to rewrite it. That would neither be a wise use of judicial resources nor fair to Stevenson. The Court therefore overrules the government's objection and adopts Judge Noel's recommendation that the overbroad summons be quashed. The Court suggests that the government issue a narrower summons to Stevenson — one limited to those documents that the government reasonably believes fall within the foregone-conclusion exception — and then, if necessary, the government can seek the Court's assistance in enforcing that summons.

ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Court OVERRULES IN PART and SUSTAINS IN PART the objection of petitioner United States of America [Docket No. 27] and ADOPTS the Report and Recommendation [Docket No. 26] to the extent that it is consistent with this order. Accordingly, IT IS HEREBY ORDERED THAT:

1. The administrative summons issued to respondent Scott M. Stevenson by the Internal Revenue Service on March 16, 2009, is QUASHED insofar as it directs Stevenson to produce documents.

2. The administrative summons issued to respondent Scott M. Stevenson by the Internal Revenue Service on March 16, 2009, is ENFORCED insofar as it directs Stevenson to appear before a revenue officer for questioning.  Stevenson is ORDERED to appear before the revenue agent as directed, answer all unobjectionable questions, and make specific objections to any objectionable questions.

Dated: April 22, 2011

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge